UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES LAMONT MILLER,

       Petitioner,                                    Case No. 07-14002
                                                          Honorable Anna Diggs Taylor

v.

WILLIE O. SMITH,

       Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**I. Introduction**

    James Lamont Miller ("Petitioner"), a state prisoner currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his federal constitutional rights. Petitioner was tried and convicted by a jury on October 12, 1988 of (1) second-degree murder, MICH.COMP. LAWS § 750.317, (2) assaulting a prison employee, MICH.COMP. LAWS § 750.197c, (3) using a weapon with unlawful intent, MICH.COMP. LAWS § 750.226, (4) inmate possessing a weapon, MICH.COMP. LAWS § 800.283(4), and, (5) carrying a concealed weapon, MICH.COMP. LAWS § 750.227. On December 15, 1988, Petitioner was sentenced by the Jackson County, Michigan, Circuit Court to (1) eighty to one-hundred-and-twenty-years imprisonment for the second-degree-murder conviction, (2) two to four years imprisonment for the assaulting-a-prison-employee conviction, (3) three to five years imprisonment for the using-a- weapon-with-unlawful-intent conviction, (4) three to five years

imprisonment for the inmate- possessing-a-weapon conviction, and (5) two to four years imprisonment for the carrying-a- concealed-weapon conviction, all consecutive to the prison term that Petitioner was serving at the time of the incident in question in this petition. Petitioner's present convictions stem from the stabbing incident of Corrections Officer Jack Budd; Petitioner was convicted of stabbing the officer five times with a homemade knife.

In his pleadings, Petitioner asserts (1) errors in the admission of evidence, (2) prejudice in violating the trial court's sequestration order, (3) trial court error in denying his motion for a directed verdict, (4) prejudice in appearing before the jury in prison clothing, (5) prosecutorial misconduct, (6) errors in sentencing, and (7) numerous other trial court errors. Respondent has not yet filed an answer to the petition. Rather, this matter is before the Court on Respondent's motion to dismiss, seeking dismissal of the petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II.  Procedural History

On October 12, 1988, Petitioner was convicted of the above-stated charges, following a jury trial in the Jackson County, Michigan, Circuit Court. After the trial court sentenced Petitioner, he filed an appeal as of right in the Michigan Court of Appeals, which, in turn, affirmed his convictions and sentence. *People v. James Lamont Miller*, No. 115166 (Mich.App.Ct. February 14, 1994). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which was denied on November 22, 1994. *People v. James Lamont Miller*, 447 Mich. 1012, 526 N.W.2d 920 (1994).

Petitioner has not filed any motions for relief from judgment with the state trial court. Nor has Petitioner file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed the present petition for writ of habeas corpus on September 21, 2007. Respondent filed the instant motion to dismiss on March 18, 2008, asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. In his petition, Petitioner contends that equitable tolling should apply to his case because he has met the factors set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). However, the Court finds that Petitioner's argument fails; Petitioner cannot satisfy the factors outlined in *Dunlap*, which would explain why he did not file his petition for writ of habeas corpus for over ten years post his convictions.

### III. Discussion

#### A. Standard of Review–Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, where a petitioner appeals to the Michigan Supreme Court, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." *See* Rule 13(1), Supreme Court Rules. The one-year habeas statute of limitations commences running at that time. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. However, tolling is effective only when collateral review is properly sought within the limitations period. This means a petitioner must file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *See also Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D. Mich. 2001). This is because there is no remaining period to be tolled. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Recently, the United States Supreme Court has held that, after completion of state-court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007).

In this case, the Michigan Supreme Court denied leave to appeal Petitioner's convictions and sentences on November 22, 1994. However, because Petitioner was convicted and sentenced prior to the enactment of the AEDPA, his habeas claims became subject to the AEDPA on April 24, 1996, when the act was signed into law. Thus, Petitioner had one year from that date in which to file his petition–or until April 24, 1997.

Here, Petitioner did not file a timely habeas petition. With regard to the statute of limitations, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). As stated, the statute of limitations may be tolled statutorily by a properly filed motion for post-conviction review.

*Artuz*, 531 U.S. at 8, 121 S.Ct. 363-64; 28 U.S.C. § 2244(d)(2). In this case, Petitioner did file for post-conviction review.

### B. Equitable Tolling

In his response to the motion to dismiss, Petitioner does not allege that the state created an impediment to the filing of his habeas petition or that his claims are based upon newly-recognized constitutional rights. Rather, he claims that equitable tolling should apply because he has demonstrated that he was not provided with the transcripts in his case, which would permit him to appeal his case to the proper courts.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d at 1008-09, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to file his habeas petition after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Against that backdrop, the Court finds that Petitioner has not presented any evidence to support his contention that he has satisfied the factors as outlined in *Dunlap*, *supra*. Rather, the evidence submitted by Petitioner indicates that his transcripts were provided to him.

A claim of actual innocence could also equitably toll the statute of limitations period. However, Petitioner makes no claim of actual innocence.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical

evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period on a claim of actual innocence.

### C. Temporary Restraining Order

On April 30, 2008, Petitioner filed a "Motion for Temporary Restraining Order" (Docket # 8). In his motion, Petitioner asserts that Respondent is confiscating, ripping up, throwing away, and smearing Vaseline on his cell property. Respondent has not filed an answer to the motion.

This Court has discretion to issue a temporary restraining order and/or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. A person seeking such an order bears the burden of establishing "immediate and irreparable injury, loss, or damage will result" in order for the Court to grant a temporary restraining order. Fed. R. Civ. P. 65(b)(1). In determining whether to grant or deny such relief, federal courts balance the following factors:

> (1) Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
>
> (2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> (3) Whether an injunction will cause others to suffer substantial harm; and
>
> (4) Whether the public interest would be served by the preliminary injunction.

*Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999).

In this case, the Court finds that Petitioner has not shown a substantial likelihood of

success on the merits of his claim.  Additionally, Petitioner has not demonstrated how he would be prejudiced and how he will suffer irreparable harm absent the injunction.  Finally, Petitioner has not demonstrated that the public interest would be served by the injunction.

For the reasons stated, this Court concludes that Petitioner is not entitled to the issuance of a temporary restraining order or preliminary injunction.  Petitioner's motion is therefore denied.

### IV.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is

warranted. *Id.*

The Court is satisfied that jurists of reason could not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (Docket # 6) is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for temporary restraining order (Docket # 8) is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


DATED: May 20, 2008                         **s/Anna Diggs Taylor**
                                            ANNA DIGGS TAYLOR
                                            UNITED STATES DISTRICT JUDGE

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 20, 2008.

James Miller, #168439
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia MI 48846                              s/Johnetta M. Curry-Williams
                                            Case Manager